[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10189
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20696-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL RODRIGUEZ

Defendant-Appellants.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(August 27, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Raul Rodriguez appeals his 51-month sentence, imposed after he pled guilty

to six counts of knowingly or recklessly encouraging the unlawful entry of aliens

into the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and

(a)(1)(B)(i), and to three counts of aiding or assisting certain aliens convicted of an aggravated felony to enter the United States, in violation of 8 U.S.C. § 1327. On appeal, Rodriguez argues that his sentence was substantively unreasonable in light of the factors in 18 U.S.C. § 3553(a). Rodriguez contends that a downward variance was appropriate based on his medical condition and to cure a disparity resulting from the imposition of the same three-level Guidelines enhancement on defendants whose offense involves transporting six aliens as on defendants whose offense involves transporting twenty-four aliens. After review, we affirm.

We review a sentence imposed by a district court for reasonableness, using an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The burden of proof is on the party challenging the reasonableness of the sentence. *United States v. Thomas,* 446 F.3d 1348, 1351 (11th Cir. 2006).

To determine whether a sentence imposed is substantively reasonable, this Court considers the factors set forth by Congress in 18 U.S.C. § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1188-89 (11th Cir. 2008). These factors include, among other things: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for a sentence to reflect the seriousness of the offense, provide just punishment, and promote respect for the law; the need

for deterrence; the need to avoid unwarranted sentencing disparities; and the advisory Guidelines range. 18 U.S.C. § 3553(a). This Court recognizes that district courts may choose from a range of reasonable sentences, and although we apply no presumption on the matter, we ordinarily expect that a sentence within the Guidelines range is reasonable. *United States v. Talley*, 431 F.3d 784, 787-88 (11th Cir. 2005). We defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the court has made a clear error of judgment. *United States v. Gonzalez,* 550 F.3d 1319, 1324 (11th Cir. 2008). We will remand for resentencing only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (internal quotation marks omitted).

Rodriguez's 51-month sentence is not substantively unreasonable. Rodriguez argues that his medical condition justifies a shorter sentence, but fails to explain why his medical conditions make the sentence imposed unreasonable. Likewise, we are not persuaded by Rodriguez's argument that his sentence is unreasonable because he would have received a lesser sentence had he committed a lesser offense. We judge the reasonableness of Rodriguez's sentence against the

facts of this case, not a hypothetical set of facts. Finally, Rodriguez's argument that his sentence is unreasonable because U.S.S.G. § 2L1.1(b)(2)(A) imposes the same enhancement on Rodriguez for unlawfully transporting six aliens as it would on a defendant who unlawfully transports twenty-four aliens is not convincing. We note that in a system that uses tiered enhancements, a range of conduct – be it amount of loss, number of victims, or, as in this case, number of aliens illegally transported – will be subject to the same Guideline enhancement. The fact that lines must be drawn does not make the resulting advisory sentence inherently unreasonable. Also relevant to this point, the district court properly considered potential unwarranted sentencing disparities between Rodriguez and similarly situated defendants if Rodriguez were sentenced below the Guidelines range simply because he engaged in conduct at the low end of the range for the particular enhancement at issue. In any event, our review is of the final sentence imposed, not to each decision made in the sentencing process. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). Ultimately, the district court is accorded great deference in its weighing of the § 3553(a) factors, and Rodriguez has not shown that the court committed a clear error of judgment in the weight it assigned to the factors in this case, including the need to avoid unwarranted sentencing disparities. Because Rodriguez has not demonstrated that the sentence

4

imposed lies outside the range of reasonable sentences dictated by the facts of the case, he has not persuaded us that his sentence is substantively unreasonable. Accordingly, we affirm.

**AFFIRMED.**